```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CATHY-JO McKEE, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-06872(JBS-AMD) |
| CAMDEN COUNTY JAIL, | OPINION |
| Defendant. | |

APPEARANCES

Cathy-Jo McKee, Plaintiff Pro Se
2995 Mt. Ephraim Avenue
Camden, NJ 08104

**SIMANDLE, Chief District Judge:**

1. Plaintiff Cathy-Jo McKee seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will dismiss the Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   With respect to the factual allegations giving rise to her claims, Plaintiff's Complaint states in its entirety: "I was forced to sleep in a cell with 5 women and only 2 bunks. I had to sleep on the floor." Complaint § III(C).

5.   Plaintiff states that these events occurred: "5-23-2006[,] and from May 20, 2011 – October 29, 2011." *Id.* § III(B).

6.   Plaintiff does not identify any injuries related to these events. *Id.* § IV.

7.   Plaintiff seeks "to be compensated for wrongful housing at Camden County Jail . . . I had to sleep on the floor, which is unhealthy living conditions. I am seeking the highest compensation I can receive for this matter." *Id.* § V.

8.   Plaintiff's Complaint is dismissed with prejudice, as explained below.

9.   First, the Complaint must be dismissed with prejudice as to claims made against the CCJ because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, No. 16-3412, 2016 WL 6134846, at *2 (3d Cir. Oct. 21, 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F.

2

Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

    10.   Second, Plaintiff's claims are barred by the statute of limitations. "[P]laintiffs who file complaints subject to dismissal should receive leave to amend unless amendment would be inequitable under [§ 1915] or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). This Court denies leave to amend at this time as Plaintiff's Complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted).

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

11. Plaintiff states that the events giving rise to the claims in the Complaint occurred: "5-23-2006[,] and from May 20, 2011 – October 29, 2011." Complaint § III(B). The allegedly unconstitutional conditions of confinement would have been immediately apparent to Plaintiff at the time of detention in CCJ. Accordingly, the statute of limitations for Plaintiff's claims expired in October 2013. As there are no grounds for equitable tolling of the statute of limitations,[2] the Complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

12. For the reasons stated above, the Complaint is dismissed with prejudice for failure to state a claim.

13. An appropriate order follows.

**February 3, 2017**　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　Chief U.S. District Judge

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).